# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| THOMAS SWARTZ,<br><br>    Plaintiff,<br>v.<br><br>NORMAN SYLVESTER, in his individual capacity.<br><br>    Defendant. | C.A. No. _____ |

## COMPLAINT JURY DEMAND

### I. INTRODUCTION

1.  Thomas Swartz was a seasoned firefighter and paramedic for the Town of Borne Fire Department. Swartz's sincerely held religious beliefs prevent him from engaging in self-promotion. On May 2, 2016 Swartz was asked to dress in his Class A uniform and have his photograph taken by another member of the department. This photograph was not for identification, safety issues, or accountability purposes, but for another lieutenant's promotional purposes. Swartz declined to have his photograph taken for promotional purposes based on his religious beliefs and reported the same to Chief Norman Sylvester in writing. In response, he was disciplined with twenty-four hours of unpaid leave in violation of the First Amendment to the U.S. Constitution, causing damages and requiring this Court's intervention.

### II. PARTIES

2.  Thomas Swartz was a firefighter with the Town of Bourne. Swartz's religious beliefs prevent self-promotion. He is a resident of Falmouth.

3.  Chief Norman Sylvester is the chief of the Bourne Fire Department, an employee of the Town of Bourne, and, upon information and belief, a resident of Massachusetts.

### III. JURISDICTION

4.      This Court has federal question jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

### IV. FACTS

5.      Thomas Swartz was a seasoned firefighter and paramedic for the Town of Bourne.

6.      Swartz's sincerely held religious beliefs prevent him from participating in acts of self-promotion. His belief derives from the First Commandment.

7.      Swartz reported to Chief Sylvester.

8.      On May 2, 2016 Swartz and other members of the department were asked to dress in their Class A uniform and participate in a group photograph. This request came from Lieutenant Richard Emberg.

9.      Swartz confirmed with Chief Sylvester that the planned photograph was not for department identification, safety concerns, or accountability purposes.

10.     After confirming that the photograph was not for identification, safety concerns, or accountability, Swartz declined to participate in the photograph because it violated his religious beliefs against self-promotion.

11.     Over his firefighter career, Swartz had declined to participate in similar requests to participate in group promotional photos. The practice of the department had always been that such photographs were optional.

12.     Despite this past practice, Swartz was instructed by Chief Sylvester to explain in writing why he would not participate in the photograph. Swartz complied and put his explanation

in writing. In this email he repeated his request not to participate in the photograph. Swartz stated "(p)ortrait photograph for personal recognition goes against my religious beliefs."

13. On May 13, 2016 a disciplinary hearing was held regarding Swartz's decision not to participate in the promotional photo for religious reasons. Following the hearing Chief Sylvester imposed discipline on Swartz of a twenty-four hour unpaid suspension and ineligibility for out of grade opportunities for six months.

14. Swartz satisfied his suspension by using earned time which would have otherwise remained available as vacation days. He lost the opportunity to earn higher wages in out of grade shifts over the next six months.

15. On information and belief, other firefighters who declined to participate in the May 2, 2016 promotional photo were not disciplined.

16. Sylvester knew that Swartz objected to taking part in the photograph because of his religious beliefs but issued the suspension despite this knowledge.

### COUNT I
### FIRST AMENDMENT
### (42 U.S.C. § 1983)

The actions of Defendant as set forth above, including, *inter alia*, disciplining Plaintiff for refusing to violate his religious beliefs, constitutes a violation of the right to freedom of religion protected by the First Amendment to the United States Constitution, causing damages.

WHEREFORE, Plaintiff prays this Court:

1. ORDER the Defendant to pay compensatory damages to Plaintiff for lost wages, emotional distress and pain and suffering and any other damages as allowed by law;

2. Order the Defendants to pay punitive damages and reasonable attorneys' fees;

3. Any further relief as is just and necessary.

                Respectfully submitted,
                PLAINTIFF THOMAS SWARTZ,
                By his attorneys,

                _____/s/ Joseph Sulman_____
                Joseph L. Sulman, BBO #663635
                Andrea L. Haas, BBO # 671844
                Law Office of Joseph L. Sulman, Esq.
                391 Totten Pond, Suite 402
                Waltham, MA 02451
                (617) 521-8600
                jsulman@sulmanlaw.com
                ahaas@sulmanlaw.com

December 14, 2018